**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION**

| | |
|---|---|
| FRANK MEDINA d/b/a INSURANCE AGENT NEAR ME,<br><br>Plaintiff,<br><br>v.<br><br>BARRY KAMRAN,<br><br>NETWORK BUSINESS SOLUTIONS, INC.,<br><br>and<br><br>NEWS INSURANCE SERVICES INC.,<br><br>Defendants. | Civil Action No. 4:25cv1469<br><br>**COMPLAINT FOR CYBERSQUATTING, TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND DECLARATORY RELIEF. 15 U.S.C. §§ 1114, 1125(a), 1125(d); 15 U.S.C. § 1114(2)(D)(v)** |

United States Courts
Southern District of Texas
FILED

MAR 3 1 2025

Nathan Ochsner, Clerk of Court

**COMPLAINT**

Plaintiff Frank Medina ("Plaintiff"), by and through undersigned counsel, brings this action against Defendants Barry Kamran, Network Business Solutions, Inc., and News Insurance Services, Inc. ("Defendants"), to obtain judicial relief following an adverse ruling in a Uniform Domain Name Dispute Resolution Policy (UDRP) proceeding. Pursuant to 15 U.S.C. § 1114(2)(D)(v), Plaintiff seeks de novo review of that decision and further asserts claims for cybersquatting under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), trademark infringement under 15 U.S.C. § 1114, and unfair competition under 15 U.S.C. § 1125(a). This action arises from Defendants' unlawful registration and use of domain names that are identical or confusingly similar to Plaintiff's federally registered trademarks. Plaintiff alleges as follows:

## NATURE OF THE CASE

1. This is a civil action brought by Plaintiff Frank Medina, d/b/a Insurance Agent Near Me, asserting claims under the Anti-Cybersquatting Consumer Protection Act (ACPA), 15 U.S.C. § 1125(d); for declaratory relief under 15 U.S.C. § 1114(2)(D)(v) in connection with an adverse domain name decision issued under the Uniform Domain Name Dispute Resolution Policy (UDRP); for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114; and for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). Plaintiff seeks declaratory and injunctive relief, transfer of domain names wrongfully registered by Defendants, statutory and actual damages, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

2. This is an action for cybersquatting under the Anti-Cybersquatting Consumer Protection Act ("ACPA"), 15 U.S.C. § 1125(d); for declaratory relief under 15 U.S.C. § 1114(2)(D)(v); for trademark infringement under 15 U.S.C. § 1114; and for unfair competition and false designation of origin under 15 U.S.C. § 1125(a).

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1114, 1125(a), and 1125(d), and 15 U.S.C. § 1114(2)(D)(v). Jurisdiction is also proper under 28 U.S.C. § 1338(a), as this action arises under Acts of Congress relating to trademarks.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims occurred in this District, and the harm resulting from Defendants' actions was suffered here. Additionally, Defendants transact business and direct online activities toward consumers in this District, and Plaintiff resides in this District.

## PARTIES

5. Plaintiff Frank Medina is an individual residing in Houston, Texas. He does business under the name "Insurance Agent Near Me."

6. Defendant Barry Kamran is an individual residing in California and is the principal of Network Business Solutions, Inc., the registrant of the domain names at issue.

7. Defendant Network Business Solutions, Inc. is a California corporation with a principal place of business in Newport Beach, California.

8. Defendant News Insurance Services, Inc., is a California corporation affiliated with Defendant Barry Kamran and is believed to be involved in the use of the Disputed Domains.

## FACTUAL ALLEGATIONS

9. Plaintiff owns and operates an online directory service for insurance agents under the brand "Insurance Agent Near Me," and has continuously used the name in commerce since at least 2018.

10. Plaintiff is the owner of U.S. Trademark Registration No. 5,872,047 for the mark IANS INSURANCE AGENT NEAR ME, and U.S. Trademark Registration No. 7,595,033 for the mark INSURANCE AGENT NEAR ME.

11. Defendants are the current registrants of multiple domain names, including but not limited to: <insuranceagentsnearme.com>, <ianearme.com>, <ianearme.directory>, <insuranceagentsnearme.directory>, and <insagentsnearme.com> (collectively, "Disputed Domains").

12. On January 27, 2025, Plaintiff filed a UDRP Complaint (WIPO Case No. D2025-0314) with the World Intellectual Property Organization (WIPO) seeking transfer of the Disputed Domains.

13. On March 18, 2025, a WIPO panel ordered the transfer of only one of the domains, <insagentsnearme.com> and denied the request as to the other four.

14. Plaintiff believes the panel erred in its factual findings and conclusions of law, and that the panel likely did not review Plaintiff's final reply brief.

15. Plaintiff brings this action under 15 U.S.C. § 1114(2)(D)(v) to establish that his use and registration of trademarks are lawful, and that Defendants' registration and use of the Disputed Domains violate the ACPA.

**COUNT I**

**Violation of the ACPA (15 U.S.C. § 1125(d))**

16. Plaintiff repeats and realleges the allegations in paragraphs 1 through 15 as if fully set forth herein.

17. The Disputed Domains are identical or confusingly similar to Plaintiff's registered marks.

18. Defendants registered, used, or trafficked in the Disputed Domains with a bad faith intent to profit from Plaintiff's trademarks.

19. Plaintiff is entitled to transfer of the Disputed Domains, statutory damages, and injunctive relief pursuant to 15 U.S.C. § 1125(d).

**COUNT II**

**Declaratory Relief Under 15 U.S.C. § 1114(2)(D)(v)**

20. Plaintiff repeats and realleges the allegations in paragraphs 1 through 19 as if fully set forth herein.

21. The WIPO decision is not binding, and Plaintiff is entitled to de novo judicial review.

22. Plaintiff seeks a declaration that his trademarks are valid and enforceable, and that the Defendants' use of the Disputed Domains constitutes cybersquatting under federal law.

**COUNT III**

**Trademark Infringement – 15 U.S.C. § 1114(1)**

23. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 22 as if fully set forth herein.

24. Plaintiff is the owner of valid and subsisting federal trademark registrations for IANS INSURANCE AGENT NEAR ME (Reg. No. 5,872,047) and INSURANCE AGENT NEAR ME (Reg. No. 7,595,033), both registered in International Class 35.

25. Defendants' use of domain names that are identical or confusingly similar to Plaintiff's registered marks, including <insuranceagentsnearme.com>, <ianearme.com>, <ianearme.directory>, and <insuranceagentsnearme.directory>, constitutes use in commerce of a reproduction, counterfeit, copy, or colorable imitation of Plaintiff's marks in connection with services identical or closely related to those offered by Plaintiff.

26. Such use is likely to cause confusion, mistake, or deception among consumers as to the source, sponsorship, affiliation, or approval of Defendants' services.

27. Defendants' conduct constitutes trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

28. Plaintiff is entitled to injunctive relief, actual damages, profits, and attorneys' fees pursuant to 15 U.S.C. §§ 1116–1117.

## COUNT IV
## Unfair Competition – 15 U.S.C. § 1125(a)

29. Plaintiff repeats and realleges the allegations in Paragraphs 1 through 28 as if fully set forth herein.

30. Defendants have used domain names, advertising materials, and online content that are confusingly similar to Plaintiff's trademarks in a manner likely to deceive consumers as to the affiliation, connection, or association between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of Defendants' services.

31. Defendants' conduct constitutes false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Plaintiff has suffered and will continue to suffer irreparable harm as a result of Defendants' actions unless enjoined by the Court.

33. Plaintiff is entitled to injunctive relief, monetary damages, and any other relief the Court deems just and proper under 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Order the transfer of the domain names <insuranceagentsnearme.com>, <ianearme.com>, <ianearme.directory>, and <insuranceagentsnearme.directory> to Plaintiff pursuant to 15 U.S.C. § 1125(d);

(b) Enter judgment in favor of Plaintiff on his claim under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d);

(c) Enter a declaratory judgment pursuant to 15 U.S.C. § 1114(2)(D)(v), declaring that Plaintiff's use and registration of his trademarks does not constitute bad faith, and that Plaintiff is entitled to retain ownership of his domain names;

(d) Enter judgment in favor of Plaintiff on his claims for trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. § 1125(a);

(e) Award Plaintiff actual damages, statutory damages, and/or any profits derived by Defendants from their infringing conduct pursuant to 15 U.S.C. § 1117;

(f) Award Plaintiff costs of suit and reasonable attorneys' fees as permitted by law; and

(g) Grant such other and further relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

/s/ Theodore P. Cummings
Theodore P. Cummings
Attorney for Plaintiff (pro hac vice application forthcoming)
1848 Fairfax Avenue, Suite No. 1
Cincinnati, Ohio 45207
Ohio Registration No.: 0075790

**UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

Civil Action No. __________

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of March, 2025, I electronically filed the foregoing Complaint with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, including:

Scott L. Nielson, Esq.
Law Office of Scott L. Nielson
1106 Second Street, #550
Encinitas, CA 92024
Email: esq@scottnielson.com

I certify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Respectfully submitted,

/s/ Theodore P. Cummings
Theodore P. Cummings
Attorney for Plaintiff (pro hac vice application forthcoming)
1848 Fairfax Avenue, Suite No. 1
Cincinnati, Ohio 45207
Ohio Registration No.: 0075790

Dated: March 31, 2025