Scott L Nielson (CA State Bar No. 262169)
**Law office of Scott L Nielson**
1106 Second Street, Ste 550
Encinitas, CA 92024
Telephone: (760) 334-8350
Email: esq@scottnielson.com

Attorney for Defendants
Pro hac vice

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| Frank Medina dba<br>Insurance Agent Near Me,<br><br>Plaintiff,<br><br>vs.<br><br>Barry Kamran, Network Business Solutions, Inc., and News Insurance Services, Inc.<br><br>Defendants. | Case No. 4:25-cv-01469<br><br>ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS |

**DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendants Barry Kamran, Network Business Solutions, Inc., and News Insurance Services, Inc. (collectively "Defendants"), by and through undersigned counsel, file this Original Answer to Plaintiff's First Amended Complaint (the "Complaint"), assert Affirmative Defenses, and bring Counterclaims as follows:

## I. INTRODUCTION AND GENERAL DENIAL

Except as expressly admitted herein, Defendants deny every allegation in the Complaint,

including all unnumbered introductory paragraphs, headings, and the Prayer for Relief. Defendants deny that Plaintiff is entitled to any relief whatsoever.

By way of further answer, Plaintiff's asserted marks "IANS Insurance Agent Near Me" (U.S. Reg. No. 5,872,047) and "Insurance Agent Near Me" (U.S. Reg. No. 7,595,033) are not distinctive source identifiers. They are common consumer search terms, functional descriptors, generic, and/or merely descriptive of the services offered (online directories for locating insurance agents in a consumer's geographic vicinity). Such terms are not registrable as trademarks under 15 U.S.C. § 1052(e)(1) and longstanding case law, and Plaintiff's registrations confer no superior rights that can preclude Defendants' lawful descriptive use.

Moreover, Plaintiff has abandoned any separate trademark rights in the "IANS" prefix of Reg. No. 5,872,047. Plaintiff registered the full "IANS Insurance Agent Near Me" mark in 2019 but has since discontinued distinct use of the "IANS" prefix with intent not to resume such use. In his business operations, primary domain (insuranceagentnearme.directory), marketing, and this Complaint, Plaintiff consistently relies solely on the "Insurance Agent Near Me" core while treating "IANS" as a non-distinctive, optional acronym that adds no source-identifying value. This conduct meets the statutory definition of abandonment under 15 U.S.C. § 1127.

## II. RESPONSES TO SPECIFIC ALLEGATIONS

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 and therefore deny them. Defendants further allege that Plaintiff's assumed name "Insurance Agent Near Me" is a common consumer search term and functional descriptor, not a proprietary brand conferring exclusive rights.

2. Admitted that Defendant Barry Kamran is an individual. The remainder of the allegations in Paragraph 2 are denied. Defendants further allege that Barry Kamran operates legitimate online insurance directory services using descriptive domain names and trademark wording that mirrors search terms consumers use daily; no coordination to infringe exists.

3. Admitted that Network Business Solutions, Inc. is a corporation organized under the laws of California with its principal place of business at 2072 Orchard Drive, Suite A, Newport Beach, California 92660. The remainder of the allegations in Paragraph 3 are denied. Defendants further allege that Network Business Solutions, Inc. operates legitimate services; the allegations of infringement are false because Plaintiff's marks are unprotectable search terms.

4. Admitted that News Insurance Services, Inc. is a corporation. The remainder of the allegations in Paragraph 4 are denied. Defendants further allege that News Insurance Services, Inc. operates legitimate services; the allegations of confusing similarity are false because the core phrase is a generic search term and functional descriptor.

5. Denied. Defendants further allege that Defendants operate independent, legitimate businesses; no coordinated enterprise to infringe exists, and Plaintiff's marks are unprotectable.

6. Admitted that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). The remainder of the allegations in Paragraph 6 are denied.

7. Denied. Defendants further allege that Defendants have not purposefully directed any infringing activities toward Texas; no infringement or cybersquatting has occurred.

8. Admitted that venue is technically proper under 28 U.S.C. § 1391. The remainder of the allegations in Paragraph 8 are denied.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 and therefore deny them. Defendants further allege that Plaintiff's claimed first use and domain registration do not create superior rights in a generic search term and functional descriptor.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 and therefore deny them. Defendants further allege that Plaintiff's business description confirms the functional, search-term nature of the phrase "Insurance Agent Near Me."

11. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 and therefore deny them. Defendants further allege that Plaintiff's 2019 "IANS Insurance Agent Near Me" mark has been abandoned as to the "IANS" prefix; Plaintiff now relies solely on the descriptive core.

12. Admitted that Plaintiff filed a trademark application for "INSURANCE AGENT NEAR ME" (Serial No. 98-294,902), which is currently subject to cancellation proceedings at the USPTO Trademark Trial and Appeal Board. The remainder of the allegations in Paragraph 12 are denied. Defendants further allege that Plaintiff's 2024 registration for "Insurance Agent Near Me" covers only an unprotectable descriptive phrase.

13. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and therefore deny them. Defendants further allege that the Insurance Journal article describes a functional tool, not a distinctive brand.

14. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 and therefore deny them. Defendants further allege that

Plaintiff's platform features confirm the functional, search-term nature of the phrase.

15. Denied. Defendants further allege that <insuranceagentsnearme.com> was registered May 7, 2016—prior to Plaintiff's claimed rights—and has been used bona fide.

16. Denied. Defendants further allege that Defendants' first use of descriptive marks was lawful and predates or coincides with Plaintiff's claims.

17. Denied. Defendants further allege that Defendants' trademark applications were proper; Plaintiff's cease-and-desist letters asserted rights in unprotectable terms.

18. Denied. Defendants further allege that the domain insuranceagentsnearme.directory was registered lawfully for descriptive use.

19. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 and therefore deny them.

20. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 and therefore deny them. Defendants further allege that all listed domains are descriptive and lawfully used.

21. Admitted that Defendants provide an online insurance agent directory. The remainder of the allegations in Paragraph 21 are denied.

22. Admitted that Defendants offer multiple pricing tiers for agent listings. The remainder of the allegations in Paragraph 22 are denied.

23. Denied. Defendants further allege that competition is lawful because the marks are unprotectable search terms or any use by Defendants is fair use.

24. Admitted that Plaintiff sent correspondence on November 3, 2023. The remainder of the allegations in Paragraph 24 are denied.

25. Admitted that Defendants responded on November 14, 2023. The remainder of the allegations in Paragraph 25 are denied.

26. Admitted that a telephone conversation occurred on December 18, 2023. The remainder of the allegations in Paragraph 26 are denied.

27. Denied. Defendants further allege that Defendants did not escalate infringement; Plaintiff's claims lack merit.

28. Admitted that certain third-party platforms removed Defendants' business profiles after Plaintiff filed complaints. The remainder of the allegations in Paragraph 28 are denied.

29. Admitted that certain third-party platforms removed Defendants' business profiles after Plaintiff filed complaints. The remainder of the allegations in Paragraph 29 are denied.

30. Denied. Defendants further allege that removals were administrative and do not constitute evidence of infringement of unprotectable marks. These actions reflect Plaintiffs disparaging activities towards Defendants.

31. Admitted. The WIPO proceeding (Case No. D2025-0314) occurred as described.

32. Admitted in part and denied in part. The Panel ordered transfer of only <insagentsnearme.com>. The remainder of the allegations in Paragraph 32 are denied.

33. Admitted in part and denied in part. The Panel denied transfer of the other four domains and found that Plaintiff's complaint constituted Reverse Domain Name Hijacking as to <insuranceagentsnearme.com>. The remainder of the allegations in Paragraph 33 are denied.

34. Denied. Defendants further allege that the WIPO decision supports Defendants' position.

35. Denied. Defendants further allege that the domains and marks are not

confusingly similar to protectable marks.

36. Denied. Defendants further allege that Plaintiff's marks lack strength because they are descriptive search terms.

37. Denied. Defendants further allege that the marks are not similar in a protectable sense.

38. Denied. Defendants further allege that any service overlap is lawful because Plaintiff's marks are unprotectable.

39. Denied. Defendants further allege that any marketing channels overlap is lawful because Plaintiff's marks are unprotectable.

40. Denied. Defendants further allege that no evidence of actual confusion of protectable marks exists.

41. Denied. Defendants further allege that Defendants lacked intent to infringe unprotectable marks.

42. Denied. Defendants further allege that no likelihood of confusion exists.

43. Denied. Defendants further allege that no economic harm from infringement exists.

44. Denied. Defendants further allege that Plaintiff incurred no corrective advertising costs caused by actionable infringement.

45. Denied. Defendants further allege that no damage to reputation or goodwill from actionable infringement exists.

46. Denied. Defendants further allege that no ongoing harm from actionable infringement exists

**Paragraphs 47–80**. Denied. Defendants further allege that no violation of the Anticybersquatting Consumer Protection Act (15 U.S.C. § 1125(d)), trademark infringement under 15 U.S.C. § 1114(1), unfair competition under 15 U.S.C. § 1125(a), or declaratory relief under 15 U.S.C. § 1114(2)(D)(v) exists, because Plaintiff's marks are unprotectable search terms, functional descriptors, generic or merely descriptive, and Plaintiff has abandoned rights in the "IANS" prefix.

## III. AFFIRMATIVE DEFENSES

1. **Failure to State a Claim** – The Complaint fails to state a claim because Plaintiff's marks are unprotectable as set forth in ¶¶ 9–14, 35–42.
2. **Genericness / Descriptiveness / Functional / Search-Term Nature** – Plaintiff's marks are generic, merely descriptive, functional, and common consumer search terms ("insurance agent near me") not registrable under 15 U.S.C. § 1052(e)(1), as confirmed by Plaintiff's own allegations in ¶¶ 10, 13, 14, 35–42 and disclaimers in the trademark registrations on file at the USPTO.
3. **Abandonment of "IANS" Prefix and Full Mark** – Plaintiff has abandoned Reg. No. 5,872,047 as to the "IANS" prefix under 15 U.S.C. § 1127 by discontinuing distinct use with intent not to resume, as shown by his primary domain, marketing, Complaint (limited mention in ¶ 11 only, primary reliance on core in ¶¶ 12, 35–42), and TTAB filings.
4. **No Distinctiveness / No Secondary Meaning** – Plaintiff's marks lack distinctiveness

and have not acquired secondary meaning, as evidenced by widespread third-party use, Plaintiff's functional descriptions in ¶¶ 10, 13, 14, and disclaimers.

5. **Fair Use / Nominative Fair Use** – Any use by Defendants is fair use and nominative fair use of descriptive search terms.
6. **Prior Rights / Prior Use** – Defendants hold prior rights, including the May 7, 2016 registration of <insuranceagentsnearme.com>, predating Plaintiff's claims in ¶ 9.
7. **No Likelihood of Confusion** – No likelihood of confusion exists under the factors in ¶¶ 35–42 because marks are unprotectable descriptive search terms.
8. **No Bad Faith** – Defendants did not act in bad faith, as confirmed by the WIPO Reverse Domain Name Hijacking finding in ¶¶ 31–34.
9. **Laches / Unreasonable Delay** – Plaintiff unreasonably delayed asserting claims after learning of Defendants' use (Complaint ¶ 19).
10. **Estoppel / Acquiescence** – Plaintiff's conduct estops or acquiesces in Defendants' use.
11. **First Amendment** – Defendants' descriptive use is protected speech.
12. **Unclean Hands** – Plaintiff's conduct, including Reverse Domain Name Hijacking (Complaint ¶¶ 31–34), disparagement to platforms (¶¶ 28–30), and duplicative filings, bars equitable relief.
13. **Failure to Mitigate** – Plaintiff failed to mitigate alleged damages.
14. **Reverse Domain Name Hijacking** – Plaintiff's UDRP Complaint was brought in bad faith as to <insuranceagentsnearme.com> (¶¶ 31–34).
15. **Pendency of Parallel TTAB Proceeding** – Plaintiff's claims overlap with TTAB Cancellation No. 92087348 in which Defendants have already asserted counterclaims (¶

34).

16. Reservation of additional defenses.

## IV. COUNTERCLAIMS

**COUNTERCLAIM COUNT I**
**Declaratory Judgment of Non-Infringement, No ACPA Violation, and Reverse Domain Name Hijacking (28 U.S.C. § 2201)**

81. Defendants repeat and reallege paragraphs 1–80 above.

82. An actual controversy exists.

83. Defendants are entitled to a declaration that (a) their conduct does not infringe, (b) no ACPA violation exists, (c) Plaintiff's UDRP Complaint was bad-faith Reverse Domain Name Hijacking as to <insuranceagentsnearme.com>, and (d) Defendants may lawfully continue use, including a specific declaration of Plaintiff's abandonment of the "IANS" prefix.

**Counterclaim Count II**
**Cancellation of Plaintiff's Trademark Registrations (15 U.S.C. § 1119)**

84. Defendants repeat and reallege paragraphs 1–83 above.

85. This Counterclaim mirrors and expands the TTAB Counterclaims in Cancellation No. 92087348 (filed February 18, 2025, beginning page 8). Cancellation of Reg. Nos. 5,872,047 and 7,595,033 is required because:

a. The marks are merely descriptive (15 U.S.C. § 2(e)(1)). The marks are merely descriptive of the recited services ("on-line business directories featuring insurance and financial professionals" and "insurance lead collection and matching services"). "Insurance Agent" directly describes the subject matter of

the directory. "Near Me" is a common locational modifier that immediately conveys to consumers that the directory helps locate agents in their geographic vicinity using IP-based geolocation (as Plaintiff admits in ¶¶ 10 and 13). The combination requires no imagination and describes the services without source-identifying distinctiveness. Further, Plaintiff expressly disclaimed "insurance agent" in both registrations.

b. No acquired distinctiveness/secondary meaning exists. Plaintiffs' trademarks have not acquired secondary meaning. Plaintiffs claimed first use dates (December 28, 2018, and February 26, 2019) are relatively recent. Plaintiff's own allegations (¶¶ 10, 13, 14) and the 2019 Insurance Journal article describe the platform functionally rather than as a distinctive brand. Widespread third-party use of the identical or nearly identical phrasing or search terms demonstrates that relevant consumers do not associate the marks exclusively with Plaintiff.

c. The marks are generic (alternative). In the alternative, the marks are generic for online insurance-agent directory and referral services because they name the class or category of services rather than identify source. Consumers routinely use the exact phrase (or minor variations) as a search term to describe the desired service.

d. The marks are functional/search-term marks unregistrable as source identifiers. The phrase "Insurance Agent Near Me" functions primarily as a common consumer search term and functional descriptor. Consumers type "insurance agent near me" (or close variants) into search engines and directories precisely because it instructs the platform to return geographically proximate results (as

Plaintiff admits in ¶¶ 10 and 13). This functional, keyword-driven phrase describes the service itself rather than identifying source and is therefore unregistrable. Granting protection would improperly give Plaintiff a monopoly over the very terms the public uses daily to search for local insurance agents even though Plaintiff has already disclaimed "Insurance Agent."

e. Plaintiff has abandoned Reg. No. 5,872,047 as to the "IANS" prefix (15 U.S.C. § 1127), as shown by his Complaint's limited use of the prefix and primary reliance on the descriptive core. Plaintiff has abandoned rights in the full mark containing the "IANS" prefix under 15 U.S.C. § 1127 by discontinuing distinct use of that prefix with no intent to resume. Plaintiff now claims rights solely in the descriptive "Insurance Agent Near Me" core, as evidenced by limited mention of the prefix in his Complaint (¶ 11 only), primary reliance on the core (¶¶ 12, 35–42), domain usage, marketing, and TTAB filings.

f. Additional facts (prior rights, harm to Defendants) support cancellation. Defendants hold prior rights, including the May 7, 2016 registration and use of <insuranceagentsnearme.com>. Plaintiff's registrations were improperly obtained, harm Defendants' legitimate descriptive use of the same search terms, and should be cancelled to prevent improper monopolization of generic/descriptive language in the insurance-directory industry.

86. Pursuant to 15 U.S.C. § 1119, this Court has concurrent jurisdiction to order cancellation (in whole or in part) of the registrations and should do so.

**Counterclaim Count III**
**Declaratory Judgment Regarding Domain Rights and Prior Use**

87. Defendants repeat and reallege paragraphs 1–86 above.

88. Defendants are entitled to a declaration of lawful ownership and use of the domains <insuranceagentsnearme.com>, <ianearme.com>, <insuranceagentsnearme.directory>, and <ianearme.directory>, with Plaintiff having no superior rights (particularly given abandonment of the "IANS" prefix).

**Counterclaim Count IV**
**Attorney Fees as Exceptional Case (15 U.S.C. § 1117)**

89. Defendants repeat and reallege paragraphs 1–88 above.

90. This is an exceptional case under 15 U.S.C. § 1117(a) warranting an award of reasonable attorney fees and costs to Defendants. Plaintiff's claims are meritless and groundless for multiple independent reasons:

a. Plaintiff knew or should have known that his asserted marks are merely descriptive, generic, functional, and common consumer search terms that are not entitled to trademark protection, as evidenced by his own disclaimers, functional descriptions of the services in ¶¶ 10, 13, and 14, and the widespread third-party use of the identical phrase.

b. Plaintiff has abandoned any rights in the "IANS" prefix of Reg. No. 5,872,047 through discontinued distinct use with no intent to resume, as shown by his primary reliance on the descriptive "Insurance Agent Near Me" core throughout his business operations, marketing, domain usage, and pleadings (limited mention in ¶ 11 only).

c. Plaintiff engaged in bad-faith litigation conduct, including filing a UDRP complaint that the WIPO Panel expressly found constituted Reverse Domain Name Hijacking as to <insuranceagentsnearme.com> (¶¶ 31–34).

d. Plaintiff knowingly made false statements to multiple third-party platforms accusing Defendants of infringement and confusion, then bragged about successfully having Defendants' legitimate business profiles removed (¶¶ 28–30), further demonstrating unclean hands and an intent to harass rather than vindicate legitimate rights.

e. Plaintiff has pursued duplicative and vexatious proceedings across multiple forums (WIPO, TTAB Cancellation No. 92087348, and this Court) despite clear notice that his marks are unprotectable.

91. Defendants have been forced to incur substantial attorney fees and costs defending against these meritless claims. An award of fees is necessary to deter such abusive litigation and to compensate Defendants.

**Counterclaim Count V**
**Defamation, Business Disparagement, and Tortious Interference**
**With Prospective Business Relations (Texas Common Law)**

92. Defendants repeat and reallege paragraphs 1–91 above.

93. Plaintiff knowingly and maliciously published false statements of fact to multiple third-party marketplaces and platforms, including Facebook, Instagram, Twitter/X, Pinterest, LinkedIn, Alignable, TikTok, and ProvenExpert.com. These statements falsely accused Defendants of trademark infringement, consumer confusion, and unlawful use of marks.

94. The statements were false because Plaintiff's asserted trademarks are unprotectable: they are generic, merely descriptive, functional, and common consumer search terms that confer no exclusive rights or protection. Plaintiff expressly disclaimed rights to "insurance agent" in his own registrations, and he has abandoned any rights in the "IANS" prefix of Reg. No. 5,872,047. Falsely asserting trademark rights where none existed or had been disclaimed, and claiming infringement based on descriptive search terms that Plaintiff himself uses functionally, directly contributes to the defamatory nature of the statements and demonstrates Plaintiff's knowledge of their falsity.

95. Plaintiff published these false accusations to third parties with the specific intent and knowledge that they would cause Defendants' legitimate business profiles and listings to be removed from the platforms, thereby harming Defendants' reputation in the insurance-directory industry and interfering with their prospective business relations with those platforms and their users.

96. Plaintiff has further bragged publicly about successfully "kicking" Defendants off these major platforms over claims of infringement and confusion, thereby amplifying the disparagement and causing additional reputational and economic harm.

97. These false and malicious statements constitute (a) defamation, including defamation per se because they accuse Defendants of business wrongdoing, infringement, and unlawful conduct; (b) business disparagement and trade libel under Texas law by making false statements about the character, quality, legality, and ownership of Defendants' business that caused pecuniary loss; and (c) tortious interference with prospective business relations by intentionally interfering with Defendants' existing and prospective relationships with the

platforms and their customers, without justification or privilege.

98. As a direct and proximate result of Plaintiff's conduct, Defendants have suffered substantial damages, including lost revenue from removed listings, lost leads and subscription income, diminished goodwill and reputation in the industry, and the costs of mitigation efforts, all in an amount to be proven at trial. Defendants are also entitled to exemplary damages because Plaintiff acted with malice, ill will, and reckless disregard for the truth.

**Counterclaim Count VI**
**Reverse Domain Name Hijacking under the**
**Anticybersquatting Consumer Protection Act (15 U.S.C. § 1114(2)(D)(v))**

99. Defendants repeat and reallege paragraphs 1–98 above.

100. Plaintiff filed a UDRP complaint with the WIPO Arbitration and Mediation Center on January 27, 2025 (Case No. D2025-0314) challenging five of Defendants' domains, including <insuranceagentsnearme.com>.

101. On March 18, 2025, the sole panelist (W. Scott Blackmer) expressly found that Plaintiff's UDRP complaint was brought in bad faith and constituted Reverse Domain Name Hijacking as to <insuranceagentsnearme.com>. The Panel ordered transfer of only one domain and denied transfer of the other four, noting that Plaintiff's claims on the remaining domains were "more colorable" but still subject to factual dispute better resolved in federal court.

102. Plaintiff's UDRP filing was made with knowledge that his marks are unprotectable (generic, merely descriptive, functional search terms) and that he had abandoned rights in the "IANS" prefix. Plaintiff knowingly and materially misrepresented his rights and Defendants alleged bad faith in an attempt to hijack domains that Defendants lawfully registered

and used for bona fide services.

103. As a direct and proximate result of Plaintiff's bad-faith UDRP complaint, Defendants incurred attorney fees, costs, and other damages in defending the proceeding and litigating this action.

104. Pursuant to 15 U.S.C. § 1114(2)(D)(v) and related ACPA provisions, Defendants are entitled to (a) a declaration that Plaintiff engaged in Reverse Domain Name Hijacking, (b) injunctive relief (including confirmation of Defendants' rights to the disputed domains), (c) actual damages, (d) statutory damages up to $100,000 for the willful and bad-faith conduct, (e) attorney fees and costs, and (f) such other relief as the Court deems just.

## V. PRAYER FOR RELIEF

WHEREFORE, Defendants pray that the Court:

A. Dismiss the Complaint with prejudice;

B. Enter judgment for Defendants on all claims;

C. Grant all declaratory, cancellation, and other relief in the Counterclaims, including a specific finding of abandonment of the "IANS" prefix and full Reg. No. 5,872,047, and a specific finding of Reverse Domain Name Hijacking;

D. Award costs, expenses, and attorney fees under 15 U.S.C. § 1117;

E. Award compensatory and exemplary damages on Count V;

F. Award actual and statutory damages (up to $100,000) on Count VI;

G. Award pre- and post-judgment interest; and

H. Grant such other relief as the Court deems just and proper, including coordination with

the TTAB proceeding.

**DEMAND FOR JURY TRIAL**

Defendants demand a trial by jury on all triable issues.

Respectfully submitted,

Dated: March 30, 2026 By: ______________________


Scott L Nielson (CA 262169)
1106 Second Street, Ste 550
Encinitas, CA 92024
Telephone: 760-334-8350
e-mail: esq@scottnielson.com

*Attorney for Defendants*
*Pro Hac Vice*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the March 30, 2026, the foregoing was served on all counsel of record via the Court's ECF system.:

By:/Scott L Nielson/

Scott L Nielson
1106 Second Street, Ste 550
Encinitas, CA 92024
Telephone: 760-334-8350
Fax: 800-480-6053
e-mail: esq@scottnielson.com

*Attorney for Defendants*
*Pro Hac Vice*