**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **Frank Medina** *dba*<br>Insurance Agent Near Me<br><br>Plaintiff,<br><br>*versus*<br><br>**Barry Kamran, Network Business Solutions, Inc., and News Insurance Services, Inc.,**<br><br>Defendants. | **Civil Action No. 4:25-cv-01469**<br><br>PLAINTIFF'S ANSWER TO DEFENDANTS' COUNTERCLAIMS<br><br>**Jury Trial** |

Plaintiff and Counter-Defendant Frank Medina *dba* Insurance Agent Near Me ("Counter-Defendant") files this Answer to the Counterclaims asserted by Defendants and Counter-Plaintiffs Barry Kamran, Network Business Solutions, Inc., and News Insurance Services, Inc. ("Counter-Plaintiffs") in their Original Answer, Affirmative Defenses, and Counterclaims (ECF 31), and respectfully states as follows. The numbered paragraphs below correspond to the numbered paragraphs of the Counterclaims (ECF 31 ¶¶ 81–104). Except as expressly admitted herein, Counter-Defendant denies each and every allegation contained in the Counterclaims.

## COUNTERCLAIM COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT, NO ACPA VIOLATION, AND REVERSE DOMAIN NAME HIJACKING)

81. Paragraph 81 of the Counterclaims re-alleges and incorporates by reference the preceding paragraphs 1–80, which consist of Defendants' responses to the allegations of Plaintiff's First Amended Complaint and Defendants' affirmative defenses and require no response. To the extent a response is required, Counter-Defendant restates his responses set forth herein, incorporates the allegations of his First Amended Complaint (ECF 16), and denies any allegation of wrongdoing or liability on his part.

82. Counter-Defendant admits that an actual, justiciable controversy exists between the parties concerning Counter-Defendant's trademark rights and the disputed domain names. Counter-Defendant denies that Counter-Plaintiffs are entitled to any of the declaratory relief they seek.

83. Counter-Defendant denies the allegations of Paragraph 83, including each of subparts (a) through (d). Counter-Defendant specifically denies that Counter-Plaintiffs are entitled to any declaration that their conduct does not infringe, that no ACPA violation exists, that Counter-Defendant engaged in reverse domain name hijacking, that Counter-Plaintiffs may lawfully continue their use, or that Counter-Defendant has abandoned the "IANS" prefix or any portion of his marks.

## COUNTERCLAIM COUNT II
## (CANCELLATION OF PLAINTIFF'S TRADEMARK REGISTRATIONS, 15 U.S.C. § 1119)

84. Paragraph 84 of the Counterclaims re-alleges and incorporates by reference the preceding paragraphs 1–83, which consist of Defendants’ responses to the allegations of Plaintiff’s First Amended Complaint and Defendants’ affirmative defenses and require no response. To the extent a response is required, Counter-Defendant restates his responses set forth herein, incorporates the allegations of his First Amended Complaint (ECF 16), and denies any allegation of wrongdoing or liability on his part.

85. Counter-Defendant denies the allegations of Paragraph 85 and each of its subparts (a) through (f). Counter-Defendant admits only that he owns U.S. Trademark Registration Nos. 5,872,047 and 7,595,033 and that those registration certificates speak for themselves. Counter-Defendant denies that the marks are merely descriptive, generic, functional, or lacking in distinctiveness or secondary meaning; denies that he has abandoned the “IANS” prefix or any other rights; denies that Counter-Plaintiffs hold prior or superior rights; and denies that any basis exists to cancel the registrations in whole or in part. Counter-Defendant further states that his registrations are valid and subsisting and constitute *prima facie* evidence of the validity of the marks, of Counter-Defendant’s ownership, and of his exclusive right to use the marks under 15 U.S.C. § 1057(b).

86. Counter-Defendant admits that 15 U.S.C. § 1119 authorizes a court, in an action involving a registered mark, to determine the right to registration and to order cancellation in appropriate circumstances. Counter-Defendant denies that cancellation is warranted here and denies the remaining allegations of Paragraph 86.

## COUNTERCLAIM COUNT III (DECLARATORY JUDGMENT REGARDING DOMAIN RIGHTS AND PRIOR USE)

87. Paragraph 87 of the Counterclaims re-alleges and incorporates by reference the preceding paragraphs 1–86, which consist of Defendants' responses to the allegations of Plaintiff's First Amended Complaint and Defendants' affirmative defenses and require no response. To the extent a response is required, Counter-Defendant restates his responses set forth herein, incorporates the allegations of his First Amended Complaint (ECF 16), and denies any allegation of wrongdoing or liability on his part.

88. Counter-Defendant denies the allegations of Paragraph 88. Counter-Defendant specifically denies that Counter-Plaintiffs are entitled to any declaration of lawful ownership or use of the domains insuranceagentsnearme.com, ianearme.com, insuranceagentsnearme.directory, or ianearme.directory; denies that Counter-Plaintiffs hold rights superior to Counter-Defendant; and denies that Counter-Defendant abandoned the "IANS" prefix.

## Counterclaim Count IV
## (Attorney Fees as Exceptional Case, 15 U.S.C. § 1117)

89. Paragraph 89 of the Counterclaims re-alleges and incorporates by reference the preceding paragraphs 1–88, which consist of Defendants' responses to the allegations of Plaintiff's First Amended Complaint and Defendants' affirmative defenses and require no response. To the extent a response is required, Counter-Defendant restates his responses set forth herein, incorporates the allegations of his First Amended Complaint (ECF 16), and denies any allegation of wrongdoing or liability on his part.

90. Counter-Defendant denies the allegations of Paragraph 90 and each of its subparts (a) through (e). Counter-Defendant denies that this is an exceptional case, denies that his claims are meritless, groundless, or brought in bad faith, and denies that Counter-Plaintiffs are or will be entitled to any award of attorney fees or costs.

91. Counter-Defendant denies the allegations of Paragraph 91.

## Counterclaim Count V
## (Defamation, Business Disparagement, and Tortious Interference)

92. Paragraph 92 of the Counterclaims re-alleges and incorporates by reference the preceding paragraphs 1–91, which consist of Defendants' responses to the allegations of Plaintiff's First Amended Complaint and Defendants' affirmative defenses and require no response. To the extent a response is required,

Counter-Defendant restates his responses set forth herein, incorporates the allegations of his First Amended Complaint (ECF 16), and denies any allegation of wrongdoing or liability on his part.

93. Counter-Defendant admits that he submitted trademark and intellectual-property infringement reports to certain third-party platforms—which included one or more of Facebook, Instagram, Twitter/X, Pinterest, LinkedIn, Alignable, TikTok, and ProvenExpert.com—concerning Counter-Plaintiffs' use of marks confusingly similar to his federally registered marks. Counter-Defendant denies that any such statement was false, defamatory, made with malice, or otherwise actionable, and denies the remaining allegations of Paragraph 93.

94. Counter-Defendant denies the allegations of Paragraph 94. Counter-Defendant denies that his marks are unprotectable and denies that any statement he made was false.

95. Counter-Defendant denies the allegations of Paragraph 95.

96. Counter-Defendant denies the allegations of Paragraph 96.

97. Counter-Defendant denies the allegations of Paragraph 97, including each of subparts (a) through (c), and denies that he committed defamation, defamation per se, business disparagement, trade libel, or tortious interference with prospective business relations.

98. Counter-Defendant denies the allegations of Paragraph 98 and denies that Counter-Plaintiffs have suffered any damages, including any special, actual, or exemplary damages, as a result of any act or omission of Counter-Defendant.

### COUNTERCLAIM COUNT VI
### (REVERSE DOMAIN NAME HIJACKING UNDER THE ACPA, 15 U.S.C. § 1114(2)(D)(v))

99. Paragraph 99 of the Counterclaims re-alleges and incorporates by reference the preceding paragraphs 1–98, which consist of Defendants' responses to the allegations of Plaintiff's First Amended Complaint and Defendants' affirmative defenses and require no response. To the extent a response is required, Counter-Defendant restates his responses set forth herein, incorporates the allegations of his First Amended Complaint (ECF 16), and denies any allegation of wrongdoing or liability on his part.

100. Counter-Defendant admits that on January 27, 2025, he filed a complaint under the Uniform Domain Name Dispute Resolution Policy with the WIPO Arbitration and Mediation Center (Case No. D2025-0314) concerning five domain names, including insuranceagentsnearme.com.

101. Counter-Defendant admits that the WIPO panel (sole panelist W. Scott Blackmer) issued a decision dated March 18, 2025; that the decision ordered transfer of one domain name (insagentsnearme.com) and denied the complaint as to the other four domain names; and that the written decision includes a finding of

reverse domain name hijacking solely as to the claim concerning insuranceagentsnearme.com. Counter-Defendant states that the WIPO decision speaks for itself, is not binding on this Court, and that he is entitled to de novo judicial review under 15 U.S.C. § 1114(2)(D)(v). Except as expressly admitted, the allegations of Paragraph 101 are denied.

102. Counter-Defendant denies the allegations of Paragraph 102, including that he had knowledge that his marks are unprotectable, that he abandoned the "IANS" prefix, or that he made any knowing or material misrepresentation.

103. Counter-Defendant denies the allegations of Paragraph 103.

104. Counter-Defendant denies the allegations of Paragraph 104, including each of subparts (a) through (f), and denies that Counter-Plaintiffs are entitled to any declaration, injunctive relief, actual damages, statutory damages, attorney fees, costs, or other relief under 15 U.S.C. § 1114(2)(D)(v) or any related provision.

## RESPONSE TO COUNTERCLAIM PRAYER FOR RELIEF

Counter-Defendant denies that Counter-Plaintiffs are entitled to any of the relief requested in their Prayer for Relief, including subparagraphs A through H, or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

For his affirmative defenses, Counter-Defendant states as follows:

1. **Substantial truth.** Counter-Defendant owns U.S. Trademark Registration No. 5,872,047 (registered October 1, 2019) and No. 7,595,033 (registered December 10, 2024), each of which is *prima facie* valid under 15 U.S.C. § 1057(b). The platform communications underlying Count V stated that Counter-Plaintiffs were using marks confusingly similar to those federally registered marks. Because those statements described infringement of facially valid, federally registered marks that no tribunal has adjudicated invalid, they were true or substantially true and cannot support Counter-Plaintiffs' defamation or business-disparagement theories.

2. **Privilege and petitioning immunity.** Counter-Defendant's reports to the third-party platforms were assertions of his registered trademark rights submitted through each platform's established intellectual-property complaint process, and his filings before the WIPO Arbitration and Mediation Center (Case No. D2025-0314), the Trademark Trial and Appeal Board (Cancellation No. 92087348), and this Court are petitioning activity. Such assertions of legal rights and petitioning of tribunals are privileged and protected, including under the Noerr-Pennington doctrine, and are not actionable.

3. **Limitations.** Count V is barred in whole or in part by limitations. The platform communications on which Count V is based were submitted between November 2023 and June 2024—for example, the Facebook, Instagram, and

Twitter/X reports on November 12, 2023, the LinkedIn report on December 13, 2023, the Alignable report on February 5, 2024, the TikTok report on April 9, 2024, and the ProvenExpert.com report on June 3, 2024. Counter-Plaintiffs first asserted Count V on March 30, 2026. The one-year limitations period for defamation, Tex. Civ. Prac. & Rem. Code § 16.002, bars the defamation theory in its entirety, and the two-year period, id. § 16.003, bars the business-disparagement and tortious-interference theories as to every communication occurring before March 30, 2024.

4. **Unclean hands.** The declaratory and cancellation relief sought in Counterclaim Counts I through III is barred by Counter-Plaintiffs' own inequitable conduct, including their registration of insuranceagentsnearme.directory on September 28, 2023—a near-identical variant of Counter-Defendant's insuranceagentnearme.directory, which Counter-Defendant registered in 2018—their use, one day later, of a domain broker to attempt to purchase Counter-Defendant's primary domain for $1,000, and their filing of trademark applications after receiving Counter-Defendant's cease-and-desist letter.

5. **Good-faith assertion of rights.** Counter-Defendant asserted and enforced his rights with a reasonable, good-faith basis: he holds two federal trademark registrations and first used "Insurance Agent Near Me" in commerce in December 2018; and the WIPO panel ordered transfer of insagentsnearme.com to

him upon finding that domain was registered and used in bad faith and described his claims to the remaining domains as “more colorable.” These facts defeat the bad-faith and exceptional-case predicates of Counterclaim Counts IV and VI.

## PRAYER

**WHEREFORE**, Counter-Defendant Frank Medina respectfully requests that the Court dismiss Defendants’ Counterclaims with prejudice; enter judgment that Counter-Plaintiffs take nothing by their Counterclaims; award Counter-Defendant his costs and reasonable attorney fees as permitted by law; and grant such other and further relief to which he is justly entitled.

## DEMAND FOR JURY TRIAL

Counter-Defendant demands a trial by jury on all issues so triable.

Respectfully submitted,

/Brandon J. Leavitt/
**Brandon James Leavitt**
Texas Bar No. 24078841
TXSD Bar No. 3070683

LEAVITT ELDREDGE LAW FIRM
4204 S.W. Green Oaks Blvd. Suite 140
Arlington, TX 76017
(214) 727-2055

**Attorney-in-charge for Plaintiff and Counter-Defendant**

## CERTIFICATE OF SERVICE

By my signature above, I hereby certify that on June 23, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will serve all counsel of record.